UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BRUCE DUNN,

                Plaintiff,

VERSUS

LA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, *et al*,

                Defendants.

CIVIL ACTION

NO. 11-495-JJB-RLB

## RULING ON JOINT MOTION TO EXTEND DEADLINES

Before the Court is the Joint Motion to Extend Certain Pre-Trial Deadlines filed by the parties (rec. doc. 38). The discovery related deadlines were first set in this case on January 6, 2012 (rec. doc. 26). The deadlines set by the court were those suggested by the parties (rec. doc. 25). For purposes of discovery, the dates ranged from a deadline to complete fact discovery of May 21, 2012 to a dispositive motion deadline of September 24, 2012.[1]  Colleagues

On March 19, 2012, the first motion to continue discovery deadlines was filed (rec. doc. 27). The justification provided for the requested extension was that the parties had essentially failed to exchange initial disclosures until approximately 6 weeks after the deadline they had proposed to the court. This motion was granted and the parties were instructed to provide new suggested deadlines. These were suggested by the parties on April 5, 2012 (rec. doc. 29) and the court entered a new scheduling order with those deadlines (rec. doc. 30).

---

[1] There are additional deadlines that fall between these dates such as the disclosure of identities and resumes of experts, submission of expert witness reports, and completion of discovery from experts. For purposes of this Order, the court will reference extensions granted to the first deadline (fact discovery) and last deadline (dispositive motion deadline) although all of the deadlines in between were also extended each time.

On July 20, 2012, a second motion to continue discovery deadlines was filed (rec. doc. 31). The justification provided to the court for this request was primarily the delay and incompleteness of the defendants' discovery responses due to "recent budget cuts by the State of Louisiana." This motion was granted and the discovery deadlines were extended a second time. Fact discovery was to be completed by January 23, 2013 and the dispositive motion deadline was May 20, 2013 (rec. doc. 33).

On January 18, 2013, a third motion to continue the discovery deadlines was filed. The basis for this motion is that the parties have enrolled new counsel[2] and have encountered scheduling conflicts and involvement in other litigation (rec. doc. 35). This motion was granted and the discovery deadlines were extended a third time (rec. doc. 36). The deadline for fact discovery was extended until May 3, 2013 and the dispositive motion deadline was extended to August 30, 2013.

On May 1, 2013, a fourth motion to continue discovery deadlines was filed (rec. doc. 38). This is the motion before the court now. The only justification for this fourth request is that "respective counsel for each of the Parties have encountered delays in obtaining discoverable information, leading to the need to delay depositions and other further discovery."

The proposed order seeks extensions of all of the remaining discovery deadlines. For purposes of the reference to the three prior extensions, the parties request that the fact discovery deadline be extended to August 1, 2013 and the dispositive motion deadline extended to November 25, 2013. If granted, this fourth extension would result in over 14 months in extensions over the original deadlines proposed by the parties.

---

[2] Plaintiff's counsel was substituted in August of 2012 (rec. doc. 34). This was the same day the court granted the second extension. The plaintiff was aware at that time that new counsel was being enrolled. In addition, the third motion to continue these deadlines was over 5 months after the new counsel was enrolled.

Rule 16 of the Federal Rules of Civil Procedure allow for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The instant motion does not include any information to find good cause to extend any scheduling order deadline.

For example, the motion does not describe what fact discovery the parties have completed, what fact discovery remains to be completed, and why such discovery could not have been completed by the deadline of May 3, 2013 (two days before the instant motion was filed). In addition, this is the fourth request for an extension. The court has no justification to believe that the result of this continuance will be any different than the prior three.

The motion does not explain why the parties cannot timely identify their expert witnesses, exchange reports, and conduct expert discovery. The Status Report, submitted to the court 17 months ago, indicated that all parties recognized the need for expert testimony. The instant motion does not describe any efforts to engage and consult with expert witnesses so as to meet the prior deadlines (and the current one), and why those efforts were not successful.

The court will always encourage the parties and their attorneys to reach agreements on discovery matters. These agreements, however, are not substitutes for the required showing of good cause. If it were such a substitute, then such extensions could be obtained simply by requesting them and the good cause requirement thereby rendered meaningless.

Accordingly, the parties' Joint Motion to Extend Certain Pre-Trial Deadlines (rec. doc. 38) is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 5, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**